UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 1: 00-cr-27 |
| | ) | *Judge Edgar* |
| | ) | |
| BRIAN SLAYTON | ) | |

## **MEMORANDUM**

A jury convicted defendant Brian Slayton on seventeen counts of a nineteen-count indictment alleging various drug offenses. This Court dismissed two counts, Counts 7 and 8, at trial pursuant to Fed. R. Crim P. 29. In his Motion for New Trial and Renewed Motion for Judgment of Acquittal [Doc. No. 41], defendant attacks his conviction on Counts 1-6, 9, 12, 14, and 17. On all of these counts he argues that there was not sufficient evidence to convict. On Counts 14 and 17, which are "telephone" counts, defendant also contends there was a material variance between the allegations in the indictment and the proof at trial.

**I.     Motion For New Trial**

Fed. R. Crim. P. 33(a) provides that upon the defendant's motion, the Court may grant a new trial "if the interest of justice so requires." Defendant bears the burden of demonstrating that a new trial is warranted. *United States v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994); *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991). Motions for new trial under Rule 33 are generally disfavored and are granted only in extraordinary circumstances where the evidence preponderates heavily against the jury's verdict. *United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007); *Seago*, 930 F.2d at

1

488; *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988). This Court considers the credibility of the witnesses and the weight of the evidence to ensure that there is not a miscarriage of justice. *Hughes*, 505 F.3d at 593; *United States v. Lutz,* 154 F.3d 581, 589 (6th Cir. 1998); *Ashworth*, 836 F.2d at 266.

In this case the evidence warranted the verdict reached by the jury, and there was no miscarriage of justice. This case arose out of a large cocaine hydrochloride and cocaine base (crack) distribution conspiracy that took place in the Chattanooga, Tennessee, area during the late 1990's. Most defendants involved in the conspiracy had their cases disposed of years ago. However, defendant Slayton left town and was not apprehended until recently. At his trial, held in November 2007, six of defendant's co-defendants testified about Slayton's substantial involvement in the conspiracy and other drug related charges. In addition the government played numerous telephone calls in which Slayton was a participant. The telephone call transcriptions had been obtained during a court authorized wiretap. The evidence at trial fully supports the jury's guilty verdict.

The only substantial question defendant raises in his post-trial motion relates to Counts 14 and 17. These counts allege the use of a telecommunication facility to distribute cocaine hydrochloride and cocaine base. Count 14 the indictment charges that the telephone call occurred at "approximately 8:54 P.M." The evidence at trial timed the call at 10:54 A.M., a ten hour difference. No other call was charged for "on or about" July 19, 1998, the alleged date of the call, nor was any other call involving the defendant intercepted on that date. Count 17 alleged that the telephone call occurred at "approximately 11:47 A.M." "on or about" July 27, 1998. Actually, this call was intercepted thirteen minutes earlier at 11:34 A.M.

Defendant had full pretrial discovery in this case. There was never any question raised about

2

the times of these telephone calls; nor was there ever any question about what telephone calls were alleged in Counts 14, 17 or any other counts. Defendant was furnished with transcripts of all the calls. The Court concludes that the defendant was not in any way prejudiced by these minor discrepancies.

The indictment contained "on or about" language for the dates and "approximately" language for the times of day. The jury charge also included an "on or about" instruction. When "on or about" language is used in the indictment, proof of the exact date or precise time of an offense is not required as long as a date or time reasonably near that alleged in the indictment is proved. *United States v. Haas*, 35 Fed. Appx. 149,153 (6th Cir. 2002); *United States v. Ford,* 872 F.2d 1231, 1236 (6th Cir. 1989) (citing *United States v. Nersesian*, 824 F. 1294, 1323 (2d Cir. 1987)) (internal quotations and citations omitted); *see also United States v. Brewer*, 1 F.3d 1430, 1437 (4th Cir. 1993); *United States v. Hernandez*, 962 F.2d 1152, 1157 (5th Cir 1992). "This is especially true where ... the exact time when an offense was committed is not an essential element of the offense charged." *Haas*, 35 Fed. Appx. at 153 (quoting *Nersesian*, 824 F.2d at 1323). The hours and minutes discrepancies between the indictment and the proof at trial do not warrant a new trial on Counts 14 and 17.

## II.     Motion For Judgment of Acquital

With regard to the motion for judgment of acquittal under Fed.R. Crim P. 29, the Court must determine whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. The Court under Rule 29 does not weigh the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury. *United States v. Budd*, 496 F.3d 517, 530 (6th Cir. 2007); *United*

3

*States v. Meyer*, 359 F.3d 820, 826 (6th Cir. 1979); *United States v. Walls*, 293 F.3d 959, 967 (6th Cir. 2002); *United States v. Frost*, 125 F.3d 346, 354 (6th Cir. 1997); *United States v. Hilliard,* 11 F.3d 61, 620 (6th Cir. 1993); *cf. Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Under the broader standard of review required by Fed. R. Crim. P. 33, this Court has already determined that a new trial is not warranted. *A fortiori* this Court, under the much narrower standard provided by Rule 29, must conclude that a rational jury could have found that the elements of each of the offenses of conviction were proved beyond a reasonable doubt.

Accordingly, an order will enter denying the defendant's Motion for a New Trial and Renewed Motion for Judgment of Acquittal [Doc. No. 41].

SO ORDERED.

ENTER this the 17th day of January, 2008.

                         */s/ R. Allan Edgar*
                     R. ALLAN EDGAR
           UNITED STATES DISTRICT JUDGE