UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| BRIAN SLAYTON,           )<br>                                        )<br>          Petitioner,          )<br>v.                                     )<br>                                        )<br>UNITED STATES OF AMERICA,  )<br>                                        )<br>          Respondent.        )  | No. 1:00-cr-27<br>Judge Edgar |

**MEMORANDUM**

After a jury trial, defendant Brian Slayton was found guilty on Counts 1 - 6 and 9 - 19 of the superseding indictment. This Court sentenced Slayton to a total term of imprisonment for 275 months to be followed by six years of supervised release. The judgment of conviction was entered on March 26, 2008. [Court Doc. No. 52]. Slayton took a direct appeal to the Sixth Circuit Court of Appeals. On February 25, 2010, the Sixth Circuit rendered its decision affirming the District Court's judgment. *United States v. Slayton*, 366 Fed. Appx. 650 (6th Cir. 2010).

There is presently before this Court a motion by federal prisoner Slayton for post-conviction relief pursuant to 28 U.S.C. § 2255. [Court Doc. No. 79]. After reviewing the record, the Court concludes that the § 2255 motion will be denied. Slayton has not met his burden of making out a viable claim for post-conviction relief pursuant to § 2255. He fails to state a claim upon which relief can be granted under § 2255. The record conclusively shows that Slayton is not entitled to any relief under § 2255. It in unnecessary for the government to answer or respond to the motion and there is no need for an evidentiary hearing.

28 U.S.C. § 2255(a) provides that a federal prisoner may make a motion to vacate, set aside,

1

or correct his judgment of conviction or sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the federal district court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by federal law, or is otherwise subject to collateral attack. As a threshold standard to post-conviction relief under § 2255, a motion must allege: (1) an error of constitutional magnitude; (2) a sentence was imposed outside the federal statutory limits; or (2) an error of fact or law that was so fundamental as to render the entire criminal proceeding invalid. *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006); *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003); *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

It is Slayton's burden to establish that there is an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley*, 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). To warrant relief under § 2255 based on an alleged non-constitutional error, Slayton bears the burden of establishing that a fundamental defect in the criminal proceedings which necessarily resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. *Hill v. United States*, 368 U.S. 424, 428 (1962); *Watson*, 165 F.3d at 488; *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998); *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990).

A § 2255 motion is not a substitute for a direct appeal and it cannot do service for an appeal.

*Bousley v. United States*, 523 U.S. 614, 621 (1998); *United States v. Frady,* 456 U.S. 152, 167-68 (1982); *United States v. Timmreck*, 441 U.S. 780, 784 (1979); *Regalado v. United States,* 334 F.3d 520, 528 (6th Cir. 2003); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996); *United States v. Walsh*, 733 F.2d 31, 35 (6th Cir. 1984). Slayton cannot utilize a § 2255 motion to relitigate the same issues that were presented and decided in his direct appeal in *Slayton*, 366 Fed. Appx. 650. Issues which are presented and decided on direct appeal may not be relitigated in a § 2255 proceeding absent exceptional circumstances, e.g. actual innocence or an intervening retroactive change in the law. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996); *DuPont v. United States,* 76 F.3d 108, 110-11 (6th Cir. 1996). In his § 2255 motion, Slayton has not made out a viable claim of actual innocence and there is no intervening retroactive change in the applicable law.

An evidentiary hearing is unnecessary if there are no genuine issues of material fact in dispute and the record conclusively shows that the petitioner is not entitled to relief under § 2255. An evidentiary hearing is not required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or mere conclusions rather than statements of fact. *Amr v. United States*, 280 Fed. Appx. 480, 485 (6th Cir. 2008); *Valentine v. United States*, 488 F.3d 325, (6th Cir. 2007); *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999); *Jones v. United States*, 2010 WL 1882122, * 1 (E.D. Tenn. May 11, 2010).

Petitioner Slayton is required to articulate sufficient facts to state a viable claim for relief under § 2255. Vague, conclusory claims which are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant an evidentiary hearing. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of

3

specific facts and fails to state a claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961); *Jones*, 2010 WL 1882122, at * 2.

Slayton's § 2255 motion is patently deficient. He does not allege any supporting facts, and he makes no specific claims or legal arguments in an effort to demonstrate that he has proper grounds for relief under § 2255. Slayton merely states: "I reserve the right of entering the facts until I view all the documents as they relate to this matter, in order to perfect this 2255." This is insufficient to establish that Slayton actually has a viable § 2255 claim and falls far short of stating a claim for relief cognizable under § 2255.

The Court finds that Slayton has not met this burden of showing that he is entitled to any relief under 28 U.S.C. § 2255. Slayton has not established an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. He also has not established that there was a fundamental defect in the criminal proceedings which necessarily resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of his constitutional right to due process of law. Accordingly, the motion by federal prisoner Brian Slayton for post-conviction relief pursuant to 28 U.S.C. § 2255 [Court Doc. No. 79] shall be **DENIED and DISMISSED WITH PREJUDICE**. A separate judgment will be entered.

SO ORDERED.

ENTER this the 11th day of April, 2011.

                                   /s/ R. Allan Edgar
                                   R. ALLAN EDGAR
                         UNITED STATES DISTRICT JUDGE